UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**AMY NICOLE JOHNSON and**
**PATRICIA M. JOHNSON, Executor**
of the Estate of Joan F. Prahl,

      Plaintiffs,

v.   No. _____
     **JURY TRIAL DEMANDED**

**RANDY MYNATT**
**and STATE FARM FIRE AND**
**CASUALTY COMPANY,**

      Defendants.

---

## COMPLAINT

Plaintiffs, Amy Nicole Johnson and Patricia M. Johnson, Executor of the Estate of Joan F. Prahl, complain against Defendants, Randy Mynatt and State Farm Fire and Casualty Company, as follows:

### PARTIES, JURISDICTION & VENUE

1. Plaintiff Amy Nicole Johnson ("Amy Johnson"), is a resident of Oklahoma.

2. Plaintiff Patricia M. Johnson ("Patricia M. Johnson" or "Executor") is a resident of Oklahoma and at all times relevant to this action was a duly appointed and acting Executor of the Estate of Joan F. Prahl, deceased.

3. Randy Mynatt ("Mynatt") is an insurance agent who is licensed in the State of Tennessee and who conducts business in Germantown, Shelby County, Tennessee as an agent of State Farm Fire and Casualty Company ("State Farm").

4. State Farm is an Illinois Corporation headquartered in Bloomington, Illinois. State Farm is licensed to do business in Tennessee and does business in Shelby County, Tennessee.

5. This Complaint arises out of events occurring, contracts entered into, and insured property located in Germantown, Shelby County, Tennessee.

6. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because all Plaintiffs are diverse from all Defendants and the amount in controversy exceeds $75,000 exclusive of interest and costs. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2).

**FACTS**

7. Joan F. Prahl ("Prahl") owned property known, municipally, as 8124 Dogwood Villa Drive, Germantown, Tennessee.

8. Prahl (and her husband who predeceased her) was insured by State Farm for approximately twenty-five years.

9. During these many years, Mynatt obtained multiple policies of insurance with State Farm for Prahl, which included automobile policies, umbrella personal liability policies and homeowner's policies. When acting as State Farm's agent and obtaining these insurance policies for Prahl, Mynatt provided advice to Prahl concerning her exposures, what kind of insurance she needed to purchase and how much insurance she needed to purchase, and then Mynatt selected the coverages Prahl purchased. At all times relevant hereto Mynatt held himself out as an expert in insurance, he possessed knowledge and experience superior to Prahl, and Prahl relied on Mynatt to advise her concerning all aspects of her insurance purchases.

10. Prahl purchased State Farm homeowner's policy Number 42-BJ-N858-8 with a policy period October 1, 2012 through October 1, 2013. A copy of that policy is attached hereto

as Exhibit 1.  That policy and all renewals and replacements thereof are referred to herein as the "Policy".

11. Prahl died testate on June 22, 2013.  She left a Will specifying that her home at 8124 Dogwood Villa Drive was given to her granddaughter, Plaintiff Amy Johnson.  Amy Johnson is an insured and/or third-party beneficiary under the Policy.

12. Prahl's Will was admitted to the Probate Court of Shelby County on June 28, 2013.  The Prahl Will appointed Joan Prahl's daughter-in-law, Patricia M. Johnson, as Executor.  Patricia M. Johnson is an insured and/or third-party beneficiary under the Policy.

13. On or about August 5, 2013, Executor Patricia M. Johnson contacted Mynatt's State Farm Agency office and spoke with Mynatt employee and agent Rose Marie Upchurch ("Upchurch") concerning policies in existence.  Upchurch provided advice concerning the automobile policy, the umbrella policy and the homeowner's Policy.

14. Upchurch advised that the umbrella policy could be cancelled as Prahl was deceased.  Patricia M. Johnson asked that the umbrella policy be cancelled.

15. Because Prahl bequeathed her car to her son, Warren Johnson, Upchurch advised that the automobile policy would be continued until the vehicle was licensed and insured in Oklahoma where Warren Johnson resided.  Upchurch advised that the homeowner's Policy would be continued or a new one written and that Upchurch would specifically advise Patricia M. Johnson what needed to be done with that policy soon.

16. On August 7, 2013, Patricia M. Johnson faxed to Upchurch's attention at (901) 753-8203 a copy of Prahl's Death Certificate and/or Letters Testamentary reflecting her appointment as Executor.

17. Prahl's Death Certificate reflects Patricia M. Johnson's correct address in Jenks, Oklahoma.

18. On August 9, 2013, Patricia M. Johnson again spoke with Upchurch to confirm Upchurch's receipt of the faxed information and to discuss what Plaintiff Amy Johnson would be doing with the house. At the time, a decision had not been made whether to occupy the home, sell it, or rent it. Upchurch failed to advise Patricia M. Johnson concerning the insurance coverage implications of any of those options or concerning what coverage needed to be purchased for the home.

19. On or about August 29, 2013, Patricia Johnson received a "RENEWAL CERTIFICATE" dated August 16, 2013 for the homeowner's Policy renewing the Policy for the period October 1, 2013 to October 1, 2014. The renewal certificate stated on its face that the premium would be billed through the State farm payment plan. A balance due document, which accompanied the renewal certificate, stated on its face: "NOTE: DO NOT PAY – PREMIUM BILLED THROUGH STATE FARM PAYMENT PLAN." The State Farm premium payment plan was an automatic withdrawal plan. State Farm was authorized to withdraw premiums and in fact withdrew premiums from a particular bank account standing in the name of the Prahl, her son Warren Johnson, and her granddaughter, Plaintiff Amy Johnson. The bank account remained open for many months following Prahl's death and funds were, at all relevant times, available and sufficient to cover all premiums due to State Farm. A copy of the renewal certificate is attached hereto as Exhibit 2.

20. On August 29, 2013, Patricia Johnson called Mynatt's State Farm Insurance Agency office and spoke with an employee and agent named Karen. Johnson advised Karen that

the automobile insurance policy could be cancelled as title to the decedent's vehicle had been transferred and the vehicle was titled and insured in Oklahoma.

21. Patricia M. Johnson subsequently received through forwarded mail an Acknowledgment of Cancellation Request indicating that coverage on Prahl's 2004 Camry was cancelled effective September 2, 2013. A copy of the acknowledgment is attached hereto as Exhibit 3.

22. Although the State Farm form entitled "Acknowledgment of Cancellation Request" indicated that any refund will be handled through State Farm payment plan, Plaintiffs did not receive any refund of premiums in connection with the cancellation of automobile insurance.

23. Except for the August 16, 2013 renewal certificate renewing the Policy for the period October 1, 2013 to October 1, 2014, at no time did the Plaintiff or Patricia Johnson receive any other notice, invoice, bill, or correspondence from State Farm or Mynatt with respect to the homeowner's Policy. Specifically, no notice of cancellation, non-renewal or premium due for homeowner's insurance was sent to or received by Amy Johnson or Patricia M. Johnson.

24. State Farm unilaterally and without notice to Amy Johnson or Patricia M. Johnson ceased withdrawing funds from the bank account to pay premiums. The last debit to the bank account by State Farm occurred on or about August 6, 2013, a copy of which is attached hereto as Exhibit 4.

25. State Farm never notified Patricia M. Johnson or Amy Johnson that it was ceasing withdrawing premiums from the bank account. However, State Farm also never sent a bill for any premiums due to Patricia M. Johnson or Amy Johnson.

26. On or about January 2 or 3, 2014, Shelby County experienced freezing temperatures. The plumbing in 8124 Dogwood Villa Drive froze and the pipes burst in the attic causing substantial water damage to the home.

27. On or about January 9, 2014, Plaintiff Amy Johnson reported a claim to State Farm. State Farm denied the claim stating that the Policy had been cancelled due to nonpayment of premium on September 27, 2014.

28. Thereafter, Mynatt represented to Patricia M. Johnson that his employee and agent Upchurch had attempted to call Patricia M. Johnson on September 4, 2013 about a cancellation of the Policy. Contrary to Mynatt's representation, Patricia Johnson's phone records reflect no incoming call from Mynatt's office or originating in the 901 area code on September 4, 2013.

29. According to the renewal certificate for the Policy period October 1, 2013 to October 1, 2014, the dwelling was insured for $291,900. In its damaged state, it is currently worth approximately $105,000.

30. On February 5, 2014, a formal demand was made on State Farm by certified mail pursuant to Tennessee Code Annotated § 56-7-105(a) to pay the loss within sixty days. A copy of the demand is attached hereto as Exhibit 5.

31. State Farm has failed and refused to pay the claim.

## Count 1

### Breach of Contract

32. Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 31 of this Complaint.

33. The State Farm policy included a "condition" which provided that if any person shown in the declarations dies, State Farm insured the legal representative of the deceased.

34. The only person shown on the Declaration was Joan F. Prahl who died June 22, 2013.

35. The legal representative of the deceased was Executor Patricia M. Johnson.

36. Under the terms of the policy, Executor Patricia M. Johnson was entitled to notice of cancellation before the date cancellation took effect. Sections I and II 5. Cancellation.

37. Immediately upon being contacted by the legal representative of the deceased, State Farm had a duty to obtain the address of the Executor.

38. On information and belief, State Farm and Mynatt failed to ever obtain the mailing address of either of the Plaintiffs. Thus, they were unable, due to their own negligence, to give the required notice of cancellation due to non-payment of premium.

38. In the alternative, State Farm and Mynatt possessed the Plaintiffs' mailing addresses, but failed and neglected to ever utilize the information to communicate important, necessary, or critical information to Plaintiffs.

40. Although knowledgeable that Joan Prahl had died, neither State Farm nor Mynatt filed any notice with the Probate Court of Shelby County, Tennessee, filed any claim for premiums due under the policy, and made no effort to contact the Executor whose complete contact information was on file with Shelby County Probate Court Clerk's Office.

41. State Farm breached the contract by failing to notify Executor Patricia M. Johnson by any means, whether by fax, email, in writing or orally, that any premiums were due or that the policy was in danger of lapse due to non-payment of the premium, and by failing and

refusing to pay the insurance claim resulting from the water damage caused by the frozen pipes, all of which proximately caused damages to Plaintiffs in the amount of at least $186,000.

## Count 2

## Failure to Procure or Maintain Insurance

## Assumption of Duty

42.     Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 41 of this Complaint.

43.     Mynatt assumed responsibility for procuring and maintaining insurance coverage on the home known as 8124 Dogwood Villa Drive, Germantown, Tennessee.

44.     A Mynatt employee and agent told Executor Patricia M. Johnson that a "different type of policy might be needed" and that she would advise her if that was the case but thereafter failed to provide further advice or procure any other type of insurance policy to insure the home.

45.     Defendant Mynatt and his agents' and employees' actions, statements and/or omissions warranted Plaintiffs' assumption that the house was insured.

46.     Mynatt and his agents and employees took no affirmative steps to procure or maintain any other or different coverage on the house at anytime.

47.     Mynatt and his agents and employees failed to advise the Plaintiffs that State Farm had ceased deducting payments from the bank account from which it had deducted all previous premiums for many years through and including August 6, 2013.

48.     Mynatt and his agents and employees did not notify Amy Johnson or Executor Patricia M. Johnson that payments were no longer being received on the home insurance policy or that any amounts were due to be paid.

49. Mynatt and his agents and employees sent no written correspondence, notice, email communications, fax transmissions or voice mail communications to Plaintiff Amy Johnson or Executor Patricia M. Johnson notifying either of them that (a) premiums were due to be paid, (b) premiums were not paid, or (c) that insurance coverage on the home was in danger of lapsing due to non-payment.

50. Mynatt and his agents and employees assumed, owed and breached a duty to the Plaintiffs to procure and/or maintain insurance, all of which proximately caused damages to Plaintiffs in the amount of at least $186,000.

## Count 3

## Negligence

51. Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 50 of this Complaint.

52. Mynatt and his agents and employees owed a duty of care to Plaintiffs.

53. Mynatt and his agents and employees failed to provide copies, notices, invoices and/or declarations of any type or nature to the Plaintiffs.

54. The conduct of Mynatt and his agents and employees fell below the standard of care that amounts to a breach of that duty.

55. Due to the negligence of Mynatt and his agents and employees in failing to maintain and/or secure insurance, Plaintiffs sustained harm including, but not limited to, the loss which State Farm contends was not covered by insurance which otherwise would have been so covered had a policy been in full force and effect.

56. Mynatt and his agents and employees had a duty to exercise reasonable care, skill, and diligence in recommending, procuring and maintaining insurance coverage on the home and

breached that duty which proximately caused damages to Plaintiffs in the amount of at least $186,000.

## Count 4

### Negligent Misrepresentation

57. Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 56 of this Complaint.

58. Defendant State Farm mailed to the decedent at her address information on renewal of the policy through October 1, 2014.  The renewal information was forwarded by the U.S. Post Office to Executor Patricia M. Johnson for the policy year October 1, 2013 to October 1, 2014.

59. The information included a statement that the premium should not be paid as it was being billed through the State Farm Payment Plan.

60. After making these representations that the policy was to be paid through the State Farm Payment Plan, State Farm unilaterally and without notice ceased taking payments from the joint bank account standing in the names of the decedent, the decedent's granddaughter, Plaintiff Amy Johnson, and the decedent's son, Warren Johnson, which remained open and was maintained with adequate funds to pay all premiums throughout the relevant time period thereby causing the policy to lapse due to their own actions without notice to the Plaintiffs.

61. The Defendants sent no invoice or bill to Plaintiff at any time.  Thus, Plaintiffs never had any indication or notice that an amount was due or past due.

62. Plaintiffs reasonably relied on the instructions and representations made by State Farm and its agents that Plaintiffs were not to pay the premium because it would be paid through the State Farm Payment Plan as had been done for years.

63. Plaintiffs' reasonable reliance on State Farm's and its agents' representations proximately caused damages to Plaintiffs in the amount of at least $186,000.

## Count 5

### Vicarious Liability

64. Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 63 of this Complaint.

65. Defendant State Farm is liable for the acts and omissions, of its agents including, specifically, Randy Mynatt and the other agents and employees of Randy Mynatt Insurance Agency.

66. Randy Mynatt and the other employees and agents of Randy Mynatt Insurance Agency assumed and breached duties to procure and maintain insurance, and of care, to Plaintiffs, and because they were at all times acting as State Farm's agents, State Farm is vicariously liable to Plaintiffs for its agents' conduct and damages of at least $186,000 proximately caused thereby.

## Count 6

### Tennessee Code Annotated § 56-7-105(a)

67. Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 66 of this Complaint.

68. Formal demand was made upon State Farm on or about February 5, 2014 by certified mail pursuant to Tenn. Code Ann. § 56-7-105(a) to pay the loss within sixty days.

69. State Farm has failed and refused to pay the loss necessitating the retention of counsel and the incurring of significant additional expense which would have otherwise been avoided but for State Farm's refusal to act in good faith.

70. Defendants Mynatt and State Farm acted in bad faith with respect to the Plaintiffs by:

    a. Making a written representation that no premium payment was required when the policy was renewed through October 2014 and thereafter ceasing debits to the authorized bank account;

    b. Failing and refusing to notify the Plaintiffs that the automatic payments from the subject bank account had, for some reason, been unilaterally stopped, suspended, modified or terminated by one of the Defendants;

    c. Failing to notify either of the Plaintiffs that any premiums were due;

    d. Failing to notify either of the Plaintiffs that the policy was in danger of cancellation due to non-payment;

    e. Failing to obtain the mailing addresses of either of the Plaintiffs each of whom lived outside the State of Tennessee; and

    f. Failing to pay the insurance claim on grounds that the premium had not been paid despite knowing full well that the fault for non-payment of the premium was solely Defendants'.

71. By virtue of their acts and omissions, in addition to the loss and interest on the loss, State Farm is liable for twenty-five percent (25%) of the liability for the loss sustained by the Plaintiffs in the amount of at least $46,500 inasmuch as their refusal to pay the loss was in bad faith and the failure to pay has inflicted additional expense, loss and injury, including attorney fees, on the Plaintiffs.

**Count 7**

**Declaratory Judgment**

72.  Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 71 of this Complaint.

73.  Pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure Plaintiffs are entitled to, and do seek a declaratory judgment that State Farm is obligated under the insurance policy to cover the loss sustained.

Therefore, under the premises, Plaintiffs pray as follows:

(a) That process issue and Defendants be served with a Summons and Complaint;

(b) For a jury to be impaneled to try the issues of fact when joined;

(c) For a judgment against both Defendants for damages sustained as a result of the claims and causes of action alleged herein in the amount of at least $186,000;

(d) For a judgment against the Defendant State Farm pursuant to Tenn. Code Ann. § 56-7-105(a) in the amount of twenty-five percent of the claim for its bad faith refusal to pay the claim within sixty days after demand, which amount is at least $46,500;

(e) For prejudgment interest, post-judgment interest, attorneys' fees, court costs and discretionary costs; and

(f) For such other and further relief, both general and specific, to which Plaintiffs may be entitled under the circumstances.

Respectfully submitted,

**GLANKLER BROWN, PLLC**

By: /s/ Larry H. Montgomery
     Larry H. Montgomery (#9579)
     Paul R. Lawler (#11037)

6000 Poplar Avenue, Suite 400
Memphis, Tennessee  38119
Telephone:  (901) 525-1322
Facsimile:  (901) 525-2389
E-Mail:  lmontgomery@glankler.com
        plawler@glankler.com

*Attorneys for Plaintiffs*